Joseph H. Harrington
United States Attorney
Eastern District of Washington
Daniel Hugo Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMI ANWAR,<br>MID COLUMBIA RESEARCH, LLC,<br>ZAIN RESEARCH, LLC,<br><br>Defendants. | Case No.: 4:18-CR-6054-EFS<br><br>United States' Second Discovery Status Report |

The United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Daniel Hugo Fruchter and Tyler H.L. Tornabene, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following **second** discovery status report.

Due to the complexity and amount of discovery being disclosed to defense counsel in the above-captioned case, in light of the Superseding Indictment against

Second Discovery Status Report – 1

Defendants returned by a Grand Jury in the Eastern District of Washington on February 5, 2019, and in anticipation of the upcoming status conference with the Court on March 12, 2019, the United States respectfully submits this supplemental discovery status report.

As the United States advised the Court in its initial discovery status report submitted on December 12, 2018, the United States produced approximately 55,000 pages of discovery to the Defendants by mid-December, substantially completing the United States' discovery production with the exception of certain discrete items identified in the United States' prior status report. As identified in its December 2018 status report, the United States disclosed two additional categories of potentially-relevant discovery: (1) electronically stored information imaged from Defendants' servers during the execution of a January 2018 search warrant; and (2) recordings of a number of telephone calls made by Defendant SAMI ANWAR from the Benton County Jail. As the United States previously identified, these materials are too voluminous to transmit using the United States' file transfer system. As set forth in the United States' prior status report, the United States made this information available to Defendants, and indicated that it would load these materials on a hard drive provided by the Defendants at the Defendants' request. On December 12, 2018 and again on February 20, 2019, the United States reminded, in writing Defense Counsel, as well as the electronic

Second Discovery Status Report – 2

discovery litigation support firm retained by Defendants in January 2019 (Behind the Gavel, LLC) that this additional information was and remains available to Defendants. Additionally, as the United States previously advised, it has provided an index to the Defendants to identify which bates range prefixes correspond to various sources of information.

Since the United States' initial discovery status report, the United States has made additional productions to Defendants via its file transfer system on December 19, 2018, January 17, 2019, and February 27, 2019, and a replacement production for a prior production on February 12, 2019. With the exception of the December 2018 production, these productions were relatively small. On January 22, 2019, the United States also made available to Behind the Gavel all of the information previously provided to Defendants. Since that time, all productions have been made to defense counsel and to Behind the Gavel simultaneously.

With regard to the Superseding Indictment, it covers a time period not previously covered by the prior Indictment. Consequently, the United States has identified and disclosed to Defendants additional electronically-stored information obtained from Defendants' servers during the execution of the January 2018 search warrant from the 2013 through 2015 time frame that was not previously produced. The United States notified the Defendant in its February 20, 2019 letter that it had this information available as well and that, because it was too voluminous to

Second Discovery Status Report – 3

transfer via file transfer system, that the United States would load it on the same hard drive to be provided by Defendants.

In its investigation pertaining to the Superseding Indictment, the United States also issued certain requests for information and obtained two additional search warrants. The United States has begun its production of these materials and anticipates that it will have completed its production of all materials obtained thus far in the next week and that any subsequently-received materials will timely be produced on a rolling basis as they are received.

In addition to the 2013 through 2015 time frame, the Superseding Indictment also identifies conduct taking place throughout 2018, including the time period after which Defendant SAMI ANWAR was detained upon order of the Court at the Benton County Jail. As the United States has previously identified, SAMI ANWAR made numerous calls during that time to various persons, at least some of which were specifically related to the conduct alleged in the Indictment and Superseding Indictment. The United States has made available complete recordings of each of these calls to the Defendants. Prior to each of these calls, SAMI ANWAR and the recipient of the call were advised via the jail call system that the call was being recorded and monitored, and therefore not confidential, and that if the call was to an attorney not already registered with the Jail, the attorney should immediately contact the Benton County Jail so that he or she be placed on

Second Discovery Status Report – 4

the list of numbers not to be recorded.  The United States therefore does not believe that the contents of these calls are covered by the attorney-client privilege or the marital communications privilege, both of which require that the Defendant intend that the communication be confidential.  *See U.S. v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990) (the marital communications privilege "does not extend to statements which are made before, or likely to be overheard by, third parties"); *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (attorney-client privilege). Accordingly, absent any objection by the Defendants, the United States intends to proceed with a review of these recordings.

The United States has not received any reciprocal discovery from Defendants pursuant to Defendants' reciprocal discovery obligation under Fed. R. Crim. P. 16, nor have Defendants indicated that any reciprocal discovery is forthcoming or contemplated.

Finally, the United States has offered to provide Defendants with, as a courtesy, a "reverse proffer" presentation to highlight what the United States believes is the most relevant evidence, as well as to assist Defendants in reviewing the discovery.  As the United States has indicated, such a presentation could occur as early as late March or early April.

DATED March 11, 2019.

Second Discovery Status Report – 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph H. Harrington
United States Attorney

*s/ Daniel Hugo Fruchter*
Daniel Hugo Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys

Second Discovery Status Report – 6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Gary Metro
Attorney at Law
719 Jadwin Avenue
Richland, Washington 99352

*s/ Daniel Hugo Fruchter*
Daniel Hugo Fruchter
Assistant United States Attorney

Second Discovery Status Report – 7